MARVIN R. & GAYLA L. BASTOW, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bastow
Docket No. 6457-91
United States Tax Court
T.C. Memo 1992-687; 1992 Tax Ct. Memo LEXIS 719; 64 T.C.M. (CCH) 1418; December 1, 1992, Filed *719 Decision will be entered under Rule 155. For Petitioners: Lee E. Karavitis. For Respondent: Joel A. Lopata. DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. [1]
For clarity and convenience, we have combined the findings of fact and opinion. Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows: Addition to Tax
Year
Deficiency
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
Sec. 6662(c)
1985
$ 2,755.64
$ 137.78
[1]
--   1986
5,778.42
288.92
[1]
--   1987
825.00
41.00
[1]
--   1988
1,954.00
[2] 98.00
--
--   1989
[3] 900.00
--  --
[3] $ 190.00
*720 Concessions having been made by the parties, the issues remaining for decision are (1) whether petitioner Marvin R. Bastow's (petitioner) automobile racing activities qualified as a trade or business within the meaning of section 162 or whether such activity was not engaged in for profit within the meaning of section 183, and (2) whether petitioners are liable for additions to tax for negligence for 1985-88 and whether petitioner Marvin R. Bastow is liable for an addition to tax for negligence in 1989. The parties have introduced into evidence Joint Exhibits 1-A through 13-N and Exhibits 14-16. The above-mentioned exhibits are incorporated herein by this reference to them. Petitioners resided in Casper, Wyoming, when they filed their petition. Petitioner has been employed as a full-time member of the City of Casper Fire Department since approximately 1981. He works approximately 10 days a month and has approximately 20 days off. Beginning in 1972, petitioner engaged in drag racing on local streets. That activity on local streets resulted in confrontations with local law enforcement authorities and petitioner decided to get off the streets and onto drag racing tracks where *721 it was comparatively safe. He first started drag racing on drag racing tracks in Belle Fourche, South Dakota, in 1972. In 1978, petitioner started a business known as Marv's Mopar (Mopar). That business sells parts for drag racing cars, stock cars, and related automotive specialty parts. Over the years, the business has expanded into selling parts necessary for boat racing, mud racing, sand dragging, go carts, etc. In 1984, he expanded Mopar's business to include an automobile oriented machine shop. Petitioner estimates that 50 percent to 60 percent of Mopar's business is with automobile racers. He testified that much of his clientele comes to him through his drag racing activities. He stated that he races approximately 2 weekends each month. Mopar is a manufacturer's representative for four or five racing products manufacturers. When he is at the race track, he "sells" auto parts and machine shop services. Petitioner testified that Western Oil Tool Company in Mills, Wyoming, sponsored his racing activity for 8 months one year at the rate of $ 1,000 per month. Petitioner's returns in evidence for the years in issue do not specify the receipt of the $ 8,000. Petitioner's *722 testimony as to how he could earn a profit from his racing activity was vague and unpersuasive. He testified that any profit from his racing activity would result from the accumulation of national points. Without specifying the year, he testified that in national points, he had finished in the top 60 and that he was number 10 in regional points. Should he win a points meet, petitioner states that he could receive $ 1,200. Should he win a national event, he could receive $ 8,000-$ 12,000. We were not informed what a points meet is nor do we know what is required to qualify for a national meet. Petitioner contends that his drag racing activity is an integral part of his Mopar business. In 1985, petitioner had racing income of $ 350; in 1989, he had racing income of $ 245. Respondent determined that petitioner was not entitled to claimed racing losses of $ 21,204, $ 9,166, $ 11,945, $ 8,833, and $ 5,729 for the years 1985 through 1989, respectively. [2]
*723 Deductions are strictly a matter of legislative grace, and a taxpayer has the burden of proving that he is entitled to any deduction claimed on his return. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 162 generally provides that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Section 162(a). For an activity to constitute the carrying on of a trade or business, such activity must be carried on for livelihood or profit or there must be a profit motive and some kind of economic activity. It is not whether a profit is made that is controlling, but rather that the activity be entered into in good faith with the dominant intent of realizing a profit. Hirsch v. Commissioner, 315 F.2d 731 (9th Cir. 1963), affg. T.C. Memo. 1961-256. In determining whether an activity is one engaged in for profit, we must determine whether the taxpayer engaged in the activity with an actual and honest objective of making a profit. Dreicer v. Commissioner, 78 T.C. 642 (1982), *724 affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). Section 183(a) generally disallows all deductions attributable to activities not engaged in for profit. Section 183(b)(1), however, allows those deductions otherwise allowable regardless of a profit motive. Section 183(b)(2) allows those deductions that would have been allowable had the activity been engaged in for profit, up to the amount of income earned by the activity. In this case, we must first decide whether petitioner's racing activity and his Mopar business were an integrated business activity; we find that they were not. Section 1.183-1(d)(1), Income Tax Regs., provides, in pertinent part: (d) Activity defined -- (1) Ascertainment of activity. In order to determine whether, and to what extent, section 183 and the regulations thereunder apply, the activity or activities of the taxpayer must be ascertained. For instance, where the taxpayer is engaged in several undertakings, each of these may be a separate activity, or several undertakings may constitute one activity. In ascertaining the activity or activities of the taxpayer, all the facts and circumstances of the case must be taken *725 into account. Generally, the most significant facts and circumstances in making this determination are the degree of organizational and economic interrelationship of various undertakings, the business purpose which is (or might be) served by carrying on the various undertakings separately or together in a trade or business or in an investment setting, and the similarity of various undertakings. Generally, the Commissioner will accept the characterization by the taxpayer of several undertakings either as a single activity or as separate activities. The taxpayer's characterization will not be accepted, however, when it appears that his characterization is artificial and cannot be reasonably supported under the facts and circumstances of the case. If the taxpayer engaged in two or more separate activities, deductions and income from each separate activity are not aggregated either in determining whether a particular activity is engaged in for profit or in applying section 183. * * * We find that petitioner's racing activities were separate and apart from his conduct of Mopar. The only books and records submitted by petitioner at trial for the years in issue were copies of petitioners' *726 joint Federal income tax returns for the years 1985-1988 and petitioner's individual income tax return for 1989. On each of those returns, petitioner merged his racing expenses on Schedule C with his profits and losses from Mopar. Petitioner appears to have calculated his expenses for his racing activities apart from his Mopar business. We are not entirely comfortable with this finding but we are confronted with a situation in which underlying books and accounts for the years in issue were not produced at trial. Instead, we have petitioner's Federal income tax returns which, at best, are accounting summaries of petitioner's racing and Mopar business activities. On this record, we cannot and do not find that petitioner's racing and Mopar business activities constituted an integrated business activity. To the contrary, we find that petitioner's racing activity was a separate activity. Petitioner's full-time employment as a fire fighter, albeit that employment occupied only 10 days out of a month, and his 60-100 hours per week dedicated to his Mopar business, left little time for him to indulge in his racing activity. Petitioner's own testimony was to the effect that he spent, *727 at most, only 2 weekends per month on the race track. We believe that this estimated "racing time" was exaggerated. Finally, we find that petitioner has completely failed to carry his burden to prove that his racing activity could have conceivably produced, or was intended to produce, a profit. Respondent's determination on this issue is sustained. Respondent determined that petitioners are liable for the additions to tax for negligence or intentional disregard of the rules or regulations pursuant to section 6653(a)(1)(A) and (B) for the years 1985-88 and, as to petitioner Marvin R. Bastow, pursuant to section 6662(c) for the year 1989. Negligence is defined as a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under similar circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioners have the burden of proof on this issue. Bixby v. Commissioner, 58 T.C. 757, 791 (1972). Petitioners have failed to carry their burden on this issue. Respondent's determination is sustained. For the foregoing reasons, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50% of the interest due on the underpayment of tax due to negligence. ↩
2. For 1988, the addition to tax for negligence is codified under sec. 6653(a)(1). ↩
3. Determined against petitioner Marvin R. Bastow only.↩
2. At trial, the parties introduced into evidence Exhibit 13-N which purports to be a summary of petitioner's racing losses for 1985-1989. We would note that the losses shown on the exhibit are not solely racing losses but are the combined losses from petitioner's racing activities and losses incurred by Mopar in its business.↩